STATE of Minnesota, Appellant,

v.

Robert Clifford ANDERSON, Respondent.

No. C0–85–2043.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Grundhoefer, Elliott B. Knetsch, South St. Paul, for appellant.

Bernie M. Dusich, Rosemount, for respondent.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and FORSBERG, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The State of Minnesota and the City of Rosemount appeal the trial court's order dismissing the D.W.I. complaint against respondent Robert Anderson. We reverse and remand for trial.

## FACTS

The facts of this case are identical to those in *Anderson v. Commissioner of Public Safety,* 379 N.W.2d 678 (Minn.App. 1985). In that case, the state successfully appealed the trial court's dismissal of an implied consent charge. The main issue there, as here, was whether the trial court erred in ruling that respondent did not "refuse" the test when he did not respond to the officer's offer of a breath test.

## ISSUES

1. Did the trial court err in concluding respondent did not refuse chemical testing?

2. Did the officer's later refusal to allow respondent to take the chemical test violate his right to due process by destroying the opportunity to obtain exculpatory evidence?

## ANALYSIS

1. In *Anderson v. Commissioner of Public Safety,* 379 N.W.2d 678 (Minn. App.1985), we held that respondent's silence when asked if he would consent to chemical testing was a refusal. We also held that respondent's subsequent consent did not cure his prior refusal. Therefore, this issue has already been decided.

2. Respondent successfully argued before the trial court that the state denied him an opportunity to provide exculpatory evidence by not allowing him to take the test.

Anderson initially argued with the police officer and remained silent when asked if he would consent to testing. The officer deemed his silence a refusal. Sometime later, after respondent spoke with another police officer, that officer indicated he changed his mind and would take the test. Respondent's characterization that the state refused to give him the test is not correct.

In addition, the cases cited by respondent involve destruction of evidence and are not D.W.I. testing refusal cases: *State v. Campion,* 353 N.W.2d 573 (Minn.App.1984); *State v. Hill,* 287 N.W.2d 918 (Minn.1979).

Therefore, there was no due process violation.

## DECISION

The decision of the trial court dismissing the D.W.I. complaint was error. We reverse and remand for trial.